## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

Clifford W. Cuddy d/b/a Cuddy's Construction,

      Debtor,

**************************************

Ave Maria Dlubak,

      Movant,

      vs.

Clifford Cuddy d/b/a Cuddy's Construction,

      Respondent.

**CHAPTER 7 BANKRUPTCY PETITION**

Chapter: __7__

Bankruptcy No.: <u>22-22062-CMB</u>

Doc. No.:

Bankruptcy Judge: <u>Carlota M. Böhm</u>

## <u>MOTION TO DISMISS VOLUNTARY CHAPTER 7 PETITION</u>

**AND NOW COMES**, the Movant, Ave Maria Dlubak, by and through her attorneys, Louis J. Kroeck IV, Esquire and LJK LAW PLLC, which brings this action pursuant to the provisions of the Bankruptcy Code and asserts the following in support thereof:

### <u>PARTIES</u>

1.    Ave Maria Dlubak, (hereinafter "Movant and/or Ms. Dlubak") is the Movant in the above-captioned matter and a competent adult citizen of the United States and the Commonwealth of Pennsylvania with an individual address of 152 Baker Road, Freeport, Armstrong County, Pennsylvania 16229.

2.    Clifford Cuddy d/b/a Cuddy's Construction is the Respondent and Debtor in the above-captioned matter and a competent adult citizen of the United States and the Commonwealth of Pennsylvania with an individual personal or business address of 1245 Lenape Avenue, Ford City, Armstrong County, Pennsylvania 16226.

3.    At all times relevant or material hereto, Respondent and Debtor Clifford Cuddy d/b/a Cuddy's Construction (hereinafter "Cuddy" and/or "Respondent") engaged in trade and/or commerce within the United States, more specifically, the Commonwealth of Pennsylvania under the name "Cuddy's Construction" by advertising, marketing, offering, selling and performing home improvements, as defined by Pennsylvania Statute § 517.2 of the Home Improvement Consumer Protection Act, 73 Pa.C.S.A.. § 517.1, et seq., § 517.2, specifically including, but not limited to roofing, siding, renovations, windows, doors, gutters,  and power washing for Pennsylvania consumers i.e., "construction services".

4.    Additionally, the property owned by the Movant and/or Ms. Dlubek, at issue, which underwent these unlawful, fraudulent and improper renovations and/or improper construction by Cuddy while Cuddy unlawfully engaged in trade and/or commerce in direct violation of 73 Pa.C.S.A. § 517.1, et seq.,  is located at 152 Baker Road, Freeport, Armstrong County, Pennsylvania 16229.

**FACTUAL BACKGROUND**

5.    At all times relevant and material hereto, Cuddy engaged in trade and commerce within the Commonwealth of Pennsylvania under the name "Cuddy's Construction" by advertising, marketing, offering, selling and performing home improvements, as defined in Section 517.2 of the Pennsylvania Home Improvement Consumer Protection Act, 73 P.S. § 517.1, et seq., § 517.2, specifically including, but not limited to roofing, siding, renovations, windows, doors, gutters,  and power washing for Pennsylvania consumers i.e., "construction services".

6.    Cuddy conducted his home improvement businesses and activities from a residential location at 1245 Lenape Avenue, Ford City, Armstrong County, Pennsylvania 16226.

7.    At all times relevant and material hereto, Cuddy acted, approved, endorsed, directed, ratified, controlled and/or otherwise participated in the fraudulent conduct asserted herein and the

2

practices and operations conducted through the trade and/or non-registered fictitious name "Cuddy's Construction."

8.      The home improvement crime, civil or statutory wrongdoing, unlawful acts and/or unlawful practices complained of herein were carried out by and pursuant to Cuddy's direction and control and who directly participated in such crime, civil or statutory wrong doing, unlawful acts and unlawful practices in violation of various Pennsylvania Statutes and Antitrust Acts, which constitutes implicit fraud.

9.      On or about May 23, 2019, Movant and/or Ms. Dlubak contracted with Cuddy to replace the roof on her residence at 152 Baker Road, Freeport, Armstrong County, Pennsylvania. See attached Complaint in Civil Action filed by Ms. Dlubak in the Court of Common Pleas of Armstrong County, Pennsylvania against the Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction marked as Exhibit "1", which is made part hereof and incorporated herein by reference as though the same was fully set-forth herein at length.

10.     Cuddy provided an initial estimate for the replacement of the roof that totaled twenty-eight thousand, two-hundred, fifty-dollars ($28,250.00).

11.     That initial estimate is attached hereto as Exhibit 1 to Ms. Dlubak's filed Complaint in Civil Action in Armstrong County, Pennsylvania, which is also made part hereof and incorporated herein by reference as though it was fully set-forth at length.

12.     Upon completion of the roof Cuddy provided Ms. Dlubak with an invoice in the amount of twenty-seven thousand, two-hundred, fifty-dollars and no cents ($27,250.00).

13.     That invoice is attached hereto as Exhibit 2 & 3 to Ms. Dlubak's filed Complaint in Civil Action in Armstrong County, Pennsylvania,  which is also made part hereof and incorporated herein by reference as though it was fully set-forth at length.

3

14.     Ms. Dlubak later determined that the roof was installed incorrectly as it began to leak and sag in certain areas and had the appearance of being collapsed.

15.     On numerous occasions Ms. Dlubak and her daughter Amy made many phone calls and text messages with photographs of the damaged roof to Cuddy asking him to make all the necessary repairs.

16.     While some repairs were made after numerous or time and time again requests, such repairs were not performed properly or in a workmanlike manner.

17.     Upon demand Cuddy failed to complete the necessary repairs or failed to make said repairs in a proper and workmanlike manner.

18.     As a result, Ms. Dlubak contacted a third party roofer to inspect the roof and discovered the following deficiencies (which are namely stemming from Cuddy's fraudulent refusal to register with Pennsylvania Home Improvement Consumer Protection Act):

   a.    The roof was installed without proper ventilation throughout the entirety of the property causing chronic elevated humidity levels in the attic;

   b.    The lack of ventilation caused mold and structural damage which will require removal of extensive mold and re-framing of the **entire** structure, which includes the roof and the actual residence (in layman's terms the entire home);

   c.    Roof underlayment was improperly wrapped over the ridge of the main attic of the home, which caused additional structural damages to the roof and entire residence;

   d.    Installation defects in the metal roof include: "severe structural damages" including but not limited to over driven screw fasteners resulting in failed rubber gaskets, skewed fasteners, improper fastening of the lapped metal panels where fasteners were located on each side of the lapped rib, latent flashing deficiencies in the south slope roof penetration of the pool room resulting in severe damages to roof and residence;

   e.    Openings in the roof or ceilings throughout the residence that were not sealed off causing moisture laden air to enter the attic that caused significant structural damages to the residence; and

   f.    The snow guards on the roof were not installed properly causing significant and severe damages to the room and dwelling, resulting in seepage of water into the entire structure.

4

19.    As a result of this conduct Ms. Dlubak later determined that Clifford Cuddy and/or Cuddy's Construction is not a legally registered Home Improvement Contractor under Pennsylvania Law.

20.    Additionally, Ms. Dlubek determined Cuddy's Construction is not a valid business nor was it a registered fictitious name.

21.    The name of the business is Cuddy Construction not Clifford Cuddy Construction and, as such, The Fictitious Names Act requires any individual doing business under a name other than his or her proper name to register the fictitious name by filing a statement with the Department of State which sets forth, *inter alia*, the name and address of each individual interested in the business (54 Pa.C.S. § 311). Phillips, 40, 41 (Allegheny Co., Wettick, J., 1985) Further, the act provides that no entity which has failed to register a fictitious name in violation of the act shall maintain an action in any tribunal of this Commonwealth until such entity has registered. 54 Pa.C.S. § 331(a). Phillips, 40, 41 (Allegheny Co., Wettick, J., 1985)

22.    Finally, the act further provides that no cause of action that arose prior to the date of registration of the fictitious name may be maintained by the party conducting a business under a fictitious name until that party has paid a civil penalty of $500 to the department. 54 Pa.C.S. § 331(b). Phillips, 40, 41 (Allegheny Co., Wettick, J., 1985). See also Gottleib v. Homestead Steel Works, Employees Federal Credit Union, 176 A.2d 103 (Pa.Super. 1961); Fredericks v. Hamm, 45 D.&C.2d 687 (Adams Co., Macphail, P.J., 1968).

23.    Cuddy is filing this Chapter 7 Bankruptcy Petition as Clifford W. Cuddy d/b/a Cuddy Construction and Cuddy Construction being a residential renovator and constructionist and as previously noted and defined by Merriam Webster is a Cuddy is a Cabin, Shelter, Closet, etc., which

5

is fraudulent or deceptive such that required registration of the fictitious name prior to institution of the Chapter 7 Petition.

24.    Cuddy also operated as a home improvement contractor without registering with the Bureau of Consumer Protection (herein referred to as "Bureau") as required by the provisions of Section 517.3(a) of Pennsylvania Home Improvement Consumer Protection Act, 73 P.S. § 517.3(a).

25.    Cuddy's continued operation as a home improvement contractor without registering with the Bureau as required by the provisions of Section 517.3(a) of Pennsylvania Home Improvement Consumer Protection Act, 73 P.S. § 517.3(a) is a violation of Pennsylvania Law.

26.    Upon information and belief, Cuddy continues to operate or is operating as a home improvement contractor despite lack of registration with the Bureau as required by the provisions of Section 517.3(a) of Pennsylvania Home Improvement Consumer Protection Act, 73 P.S. § 517.3(a) nor the Department of State as a Fictitious Name.

27.    Ms. Dlubak is not aware whether or not the Bureau has received any complaints against Cuddy or whether other lawsuits or claims had been filed; however, has realized additional violations of Pennsylvania Home Improvement Consumer Protection Act, including but not limited to:

    a.    On May 23, 2019, Cuddy requested a down payment for the metal roof to be installed in excess of 1/3 of the entire estimate, which had been paid by Ms. Dlubak ($14,175.00);

    b.    Thereafter, Cuddy requested an additional payment less than 1/3 of the entire estimate, which also was paid by Ms. Dlubak ($8075.00); and

    c.    Finally, Cuddy also requested a final payment less than 1/3 of the entire estimate, which which was also paid by Ms. Dlubak ($6,000.00).

28.    Cuddy accepted a $14,175.00 initial deposit from Ms. Dlubak, an elderly consumer, for a roof repair and installation at her Armstrong County residence.

29.    The total cost of the metal roof and/or labor under the contract was $27,250.00.

30.    After signing the contract on May 23, 2019, Cuddy promised to properly install the metal roof after the initial deposit was received by him of $14,175.00.

31.    Cuddy never properly completed the metal roof and his actual contract and the alleged repairs were shoddy, ineffective nor performed in a workmanlike manner.

32.    Ms. Dlubak believes and therefore avers that there may be additional consumers who have not filed complaints with the Courts of this Commonwealth or the Commonwealth's Bureau of Consumer Protection and who have also been harmed due to the The home improvement crime, civil or statutory wrongdoing, fraud, unlawful acts and/or unlawful practices of Cuddy, which include, but are not limited to, those as alleged herein.

33.    As referenced *infra*, Ms. Dlubak charges, objections, requests relief from this stay and files the following counts in the bankruptcy court against Cuddy.

34.    Ms. Dlubak also believes and furthermore asserts a policy of insurance covering the Debtor and/or Respondent Clifford W. Cuddy d/b/a Cuddy's Construction is also available to him in order that he may properly defend against the state court counts filed by Ms. Dlubak in the Court of Common Pleas of Armstrong County, Pennsylvania.

### MOTION TO DISMISS CHAPTER 7 PETITION
### UNDER SECTIONS 11 U.S.C. 1307 (c)(1) AND 28 U.S.C. 1208 (c)(1)

35.    Ms. Dlubak repeats, asserts and incorporates the facts as set forth *supra*, in all paragraphs of this instrument, as though the same were fully set-forth herein at length.

36.    Bankruptcy Code 11 U.S.C. § 1307 (c) and 28 U.S.C. § 1208 (c) provides, (c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—(1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors.

37.     Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction has filed this Chapter 7 Bankruptcy Petition that can only be coined as and/or for the sole purpose of fraudulent conduct, based on unreasonable delay and/or gross mismanagement highly prejudicial to Ms. Dlubak's claims here or in the Court of Common Pleas of Armstrong County, Pennsylvania, which requires dismissal of this action under Sections 1307 (c)(1) and 1208 (c)(1).

38.     Specifically, Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction is seeking to have both personal debts and wrongdoing committed by and with his business, discharged in this action.

39.     Moreover, a review and history of the documents filed in this matter clearly show that there are minimal consumer debts and that Ms. Dlubak has the largest sum of alleged debt sought to be discharged in this action.

40.     Ms. Dlubak's claim here is not a debt (it is a claim according to civil and criminal statutes, as well as, personal injury caused by an intentional tort) subject to a Chapter 7 Bankruptcy Action nor is the same dischargeable in a Chapter 7 Bankruptcy case.

41.     Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction's Chapter 7 Petition was not filed in good faith, based on fraud and is prejudicial to Ms. Dlubak's claims.

42.     Finally, a policy of insurance is at issue in this matter given more weight to a remand of this matter back to the state court deeming such debt non-dischargeable.

**WHEREFORE**, Movant, Ave Maria Dlubak, requests this Honorable Court to issue an order dismissing, with prejudice, this Chapter 7 Action filed by Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction.   Grant such other relief including relief including reasonable attorneys fees and costs (as the undersigned was required to litigate these issues) regarding this Chapter 7 Petition that was filed in bad faith to cover the substance of fraudulent conduct designed to cause unreasonable delay

8

from gross mismanagement of Cuddy's Construction or what this Honorable Court deems just and proper in light of the circumstances of this case and age of Ms. Dlubak.

## MOTION TO DISMISS CHAPTER 7 PETITION UNDER SECTION 11 U.S.C. 1208 (d)

43.    Ms. Dlubak repeats, asserts and incorporates the facts as set forth *supra*, in all paragraphs of this instrument, as though the same were fully set-forth herein at length.

44.    Bankruptcy Code 11 U.S.C § 1208 (d) provides, (d) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter or convert a case under this chapter to a case under chapter 7 of this title upon a showing that the debtor has committed fraud in connection with the case.

45.    Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction has filed this Chapter 7 Bankruptcy Petition that can only be coined as and/or for the sole purpose of fraudulent conduct, based on unreasonable delay and/or gross mismanagement highly prejudicial to Ms. Dlubak's claims here or in the Court of Common Pleas of Armstrong County, Pennsylvania, which requires dismissal of this action under Section 1208 (d).

46.    Specifically, Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction is seeking to have both personal debts and wrongdoing committed by and with his business, discharged in this action.

47.    Moreover, a review and history of the documents filed in this matter clearly show that there are minimal consumer debts and that Ms. Dlubak has the largest sum of alleged debt sought to be discharged in this action.

48.    Ms. Dlubak's claim here is not a debt (it is a claim according to civil and criminal statutes, as well as, personal injury caused by an intentional tort) subject to a Chapter 7 Bankruptcy Action nor is the same dischargeable in a Chapter 7 Bankruptcy case.

49.     Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction's Chapter 7 Petition was not filed in good faith, based on fraud and prejudicial to Ms. Dlubak's claims.

50.     Finally, a policy of insurance is at issue in this matter given more weight to a remand of this matter back to the state court deeming such debt non-dischargeable.

**WHEREFORE**, Movant, Ave Maria Dlubak, requests this Honorable Court to issue an order dismissing, with prejudice, this Chapter 7 Action filed by Debtor and Respondent Clifford W. Cuddy d/b/a Cuddy's Construction.   Grant such other relief including relief including reasonable attorneys fees and costs (as the undersigned was required to litigate these issues) regarding this Chapter 7 Petition that was filed in bad faith to cover the substance of fraudulent conduct designed to cause unreasonable delay from gross mismanagement of Cuddy's Construction or what this Honorable Court deems just and proper in light of the circumstances of this case and age of Ms. Dlubak.

> Respectfully submitted,
>
> **LJK LAW, PLLC:**
>
> */s/ Louis J. Kroeck IV*
> Louis J. Kroeck IV, Esquire
> PA ID #: 210045
> 1200 Sarah Street
> Pittsburgh, PA 15203
> Phone: 1 (412) 712-7605
> Facsimile: 1 (717) 787-1052
> Email: Lou@ljk-law.com

Dated: February 17, 2023

## **VERIFICATION**

Ave Maria Dlubak, hereby verify that the statements set forth in the foregoing instrument are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of perjury.

Dated: <u>February 17, 2023</u>                    <u>*/s/ Ave Maria Dlubak*             </u>
                                                                          Ave Maria Dlubak

COPY

IN THE COURT OF COMMON PLEAS OF
ARMSTRONG COUNTY, PENNSYLVANIA

Ave Maria Dlubak,

    Plaintiff,

    vs.

Clifford Cuddy d/b/a Cuddy's Construction,

    Defendant.

CIVIL DIVISION

No.: *2022-1171-Civil*

COMPLAINT IN CIVIL ACTION

Filed on behalf of Plaintiff

Counsel of Record for this Party:

Louis J. Kroeck IV
Pa. I.D. #210045

LJK LAW PLLC
1200 Sarah Street
Pittsburgh, PA 15203

(412) 712-7605
Lou@ljk-law.com

**JURY TRIAL DEMANDED**

TO:  Within Parties

YOU ARE HEREBY NOTIFIED TO FILE A
WRITTEN RESPONSE TO THE WITHIN
COMPLAINT OF PLAINTIFF WITHIN
TWENTY (20) DAYS FROM SERVICE
HEREOF OR A JUDGMENT MAY BE
ENTERED AGAINST YOU.

_/s Louis Kroeck_____
Attorneys for Plaintiff

LEFT FOR ENTRY
OR FILING

2022 SEP -2  AM 10:39

1

IN THE COURT OF COMMON PLEAS OF
ARMSTRONG COUNTY, PENNSYLVANIA

Ave Maria Dlubak,                                    CIVIL DIVISION

        Plaintiff,

    vs.

Clifford Cuddy d/b/a Cuddy's Construction,

        Defendant.                       No.:

## **NOTICE**

        You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Prothonotary of Armstrong County
Armstrong County Courthouse,
Suite 103, Kittanning, PA 16201
(telephone: 724-543-2500)

2

IN THE COURT OF COMMON PLEAS OF
ARMSTRONG COUNTY, PENNSYLVANIA

Ave Maria Dlubak,                                    CIVIL DIVISION

        Plaintiff,

        vs.

Clifford Cuddy d/b/a Cuddy's Construction,

        Defendant.                              No.:

## COMPLAINT

**AND NOW COMES**, the Plaintiff, Ave Maria Dlubak, by and through her attorneys, LJK Law,

PLLC, which brings this action pursuant to the provisions of the *Unfair Trade Practices and Consumer*

*Protection Law,* 73 P.S. §§ 201-1 & 201-9.2 (hereinafter "Consumer Protection Law")

1.     The Plaintiff, Ave Maria Dlubak, seeks restitution pursuant to Section 201-4.1 of the

Consumer Protection Law.

2 .    Additionally, the Plaintiff, Ave Maria Dlubak, seeks appropriate civil penalties pursuant to

Section 201-8(b) of the Consumer Protection Law for all willful violations of said Law, and to recover

its costs for enforcement of the Consumer Protection Law.

3.    In support thereof, the Plaintiff, Ave Maria Dlubak, respectfully represents the following:

3

## JURISDICTION

4.     This Court has original jurisdiction over this action pursuant to Section 931 of the Judicial Code, 42 Pa. C.S.A. § 931(a).

## VENUE

5.     Venue lies with this Court pursuant to Pa. R.C.P. 1006(a)(l).

## PARTIES

6.     Plaintiff Ave Maria Dlubak (hereinafter "Ms. Dlubak" and/or "Plaintiff"), is an adult individual with a personal place of business being conducted 152 Baker Road, Freeport, Armstrong County, Pennsylvania 16229.

7.     Defendant Clifford Cuddy d/b/a Cuddy's Construction (hereinafter "Cuddy" and/or "Defendant") is an adult individual with a registered business address of 1245 Lenape Avenue, Ford City, Armstrong County, Pennsylvania 16226.

8.     Ms. Dlubak reserves the right to amend this complaint to assert any claim unbeknownst to her at the time of filing against Cuddy, which maybe revealed through discovery and/or other pretrial means.

9.     Ms. Dlubak reserves the right to amend this complaint to include any John or Jane Doe Defendant unbeknownst to her at the time of filing, which maybe revealed through discovery and/or other pretrial means.

## BACKGROUND

10.     At all times relevant and material hereto, Cuddy engaged in trade and commerce within the Commonwealth of Pennsylvania under the name "Cuddy's Construction" by advertising, marketing, offering, selling and performing home improvements, as defined in Section 517.2 of the

4

Home Improvement Consumer Protection Act, 73 P.S. § 517.1, et seq. (hereinafter "HICPA"), § 517.2, specifically including, but not limited to roofing, siding, renovations, windows, doors, gutters, and power washing for Pennsylvania consumers i.e., "construction services".

11.     Cuddy conducted his home improvement businesses from a location at 1245 Lenape Avenue, Ford City, Armstrong County, Pennsylvania 16226.

12.     At all times relevant and material hereto, Cuddy acted, approved, endorsed, directed, ratified, controlled and/or otherwise participated in the conduct alleged herein and the practices and operations conducted through the trade name "Cuddy's Construction."

13.     The unlawful acts and practices complained of herein were carried out pursuant to Cuddy's direction and control and who directly participated in such unlawful acts and practices.

14.     On or about May 23, 2019, Ms. Dlubak contracted with Cuddy to replace the roof on her residence at 152 Baker Road, Freeport, Armstrong County, Pennsylvania.

15.     Cuddy provided an initial estimate for the replacement that totaled $28,250. That initial estimate is attached hereto as Exhibit 1, which is made part hereof and incorporated herein by reference as though it was fully set-forth at length.

16.     Upon completion of the roof Cuddy provided Ms. Dlubak with an invoice in the amount of $27,250. That invoice is attached hereto as Exhibit 3, which is made part hereof and incorporated herein by reference as though it was fully set-forth at length.

17.     Ms. Dlubak later determined that the roof was installed incorrectly as it began to leak and sag in certain areas and had the appearance of being collapsed.

18.     On numerous occasions Ms. Dlubak and her daughter Amy made numerous calls and text messages with photographs of the damaged roof to Cuddy asking him to make necessary repairs. While

5

some repairs were made after numerous requests, they were not performed properly or in a workmanlike manner.

19.   Upon demand Cuddy failed to complete the necessary repairs or failed to make said repairs in a proper and workmanlike manner.

20.   Ms. Dlubak contacted a third party roofer to inspect the roof and discovered the following deficiencies:

a.   The roof was installed without proper ventilation throughout the entirety of the property causing chronic elevated humidity levels in the attic;

b.   The lack of ventilation caused mold and structural damage which will require removal of extensive mold and re-framing of the entire structure;

c.   Roof underlayment was wrapped over the ridge of the main attic of the home;

d.   Installation defects in the metal roof include: over driven screw fasteners resulting in failed rubber gaskets, skewed fasteners, improper fastening of the lapped metal panels where fasteners were located on each side of the lapped rib, latent flashing deficiencies in the south slope roof penetration of the pool room;

e.   Openings in the ceilings were not sealed off causing moisture laden air to enter the attic.

f.   The snow guards on the roof were not installed properly resulting in seepage of water into the structure.

15.   Ms. Dlubak examined the Pennsylvania's Home Improvement Contractor Registration Website information and found that Clifford Cuddy and/or Cuddy's Construction is not a legally registered Home Improvement Contractor according to Pennsylvania Law.

21.   Cuddy operated as a home improvement contractor without registering with the Bureau of Consumer Protection (herein referred to as "Bureau") as required by the provisions of Section 517.3(a) of HICPA, 73 P.S. § 517.3(a).

6

22.    Cuddy's continued operation as a home improvement contractor without registering with the Bureau as required by the provisions of Section 517.3(a) of HICPA, 73 P.S. § 517.3(a) is a violation of Pennsylvania Law.

23.    Upon information and belief, Cuddy continues to operate or is operating as a home improvement contractor despite lack of registration with the Bureau as required by the provisions of Section 517.3(a) of HICPA, 73 P.S. § 517.3(a).

24.    Ms. Dlubak is not aware whether or not the Bureau has received any complaints against Cuddy or whether other lawsuits or claims had been filed; however, has realized additional violations of HICPA, including but not limited to:

a.    On May 23, 2019, Cuddy requested a down payment for the metal roof to be installed in excess of 1/3 of the entire estimate, which had been paid by Ms. Dlubak ($14,175.00);

b.    Thereafter, Cuddy requested an additional payment less than 1/3 of the entire estimate, which also was paid by Ms. Dlubak ($8075.00); and

c.    Finally, Cuddy also requested a final payment less than 1/3 of the entire estimate, which which was also paid by Ms. Dlubak ($6,000.00).

25.    Cuddy accepted a $14,175.00 initial deposit from Ms. Dlubak, an elderly consumer, for a roof repair and installation at her Armstrong County residence.

26.    The total cost of the metal roof and/or labor under the contract was $27,250.00.

27.    After signing the contract on May 23, 2019, Cuddy promised to properly install the metal roof after the initial deposit was received by him of $14,175.00.

28.    Cuddy never properly completed the metal roof and his alleged repairs to the metal roof were shoddy and ineffective.

29.    Ms. Dlubak believes and therefore avers that there may be additional consumers who have not filed complaints with the Courts of this Commonwealth or the Commonwealth's Bureau of

Consumer Protection and who have also been harmed due to the methods, acts and practices of Cuddy, which include, but are not limited to, those as alleged herein.

30.     As referenced below, Ms. Dlubak charges and files the following counts against Cuddy.

## COUNT I
## VIOLATIONS OF THE CONSUMER PROTECTION LAW AND HICPA
## CUDDY FAILED TO COMPLETE CONTRACTED INSTALLATIONS, REPAIRS AND/OR PROJECTS IN A PROFESSIONAL WORKMANLIKE MANNER

31.     The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

32.     Ms. Dlubak contracted with Cuddy to perform home improvements for her residence.

33.     Ms. Dlubak paid deposits to Cuddy before Cuddy began any work under the contract.

34.     Cuddy received advance payments for performing home improvement services or providing home improvement materials outside of the one-third (1/3) allotment allowed under HICPA.

35.     Cuddy failed to perform or provide such services or materials when specified in the contract.

36.     Cuddy began the project but failed to complete the work properly as stated in the contract.

37.     Cuddy failed to provide refunds to Ms. Dlubak whose project was not completed, or which was performed in a shoddy or unworkmanlike manner.

38.     Under Section 517.9(5) of HICPA, "[n]o person shall abandon or fail to perform, without justification, any home improvement contract or project engaged in or undertaken by a contractor." 73 P.S. § 517.9(5).

39.     A violation of HICPA is deemed to be a violation of the Consumer Protection Law. 73 P.S. § 517.10.

8

40.     The aforesaid methods, acts or practices constitute unfair methods of competition and unfair acts or practices in the conduct of trade or commerce prohibited by Section 201-3 of the Consumer Protection Law, as defined by Section 201-2(4) of said Law, including, but not limited to, the following:

    a.    Section 201-2(4)(v), representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has sponsorship, approval, status, affiliation or connection that he does not have;

    b.    Section 201-2(4)(vii), representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; and

    c.    Section 201-2(4)(xxi), engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. §§ 201-3, and 201-2(4) (v), (vii) and (xxi).

    d.    Section 201-2(xvi) making repairs, improvements or replacements on tangible or personal property of a nature or quality inferior to or below the standard of that agreed to in writing

41.     Ms. Dlubak alleges that all of the practices described above were performed willfully.

42.     Accordingly, and pursuant to Section 201-8 of the Consumer Protection Law, the Ms. Dlubak seeks the imposition of enhanced civil penalties of Three Thousand and 00/100 Dollars ($3,000.00) for each violation involving a consumer victim age sixty (60) or older, in addition to other relief sought, as appropriate.

43.     Ms. Dlubak also seeks attorneys fees and costs, as well as, interest and treble damages.

44.     Under 73 P.S. §§ §201-9.2. Private actions (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one-hundred dollars ($100), whichever is greater.

9

45.    The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

<u>COUNT II</u>
**VIOLATIONS OF THE CONSUMER PROTECTION LAW AND HICPA DEFENDANT ACCEPTED PROHIBITED DEPOSITS FROM PLAINTIFF**

46.    The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

47.    Cuddy entered into home improvement contract with consumer Ms. Dlubak in which the total price was more than Five Hundred Dollars ($500.00). 73 P.S. §§ 517.2. Definitions. Home Improvement. (1) The term includes all of the following done in connection with land or a portion of the land adjacent to a private residence or a building or a portion of the building which is used or designed to be used as a private residence for which the total cash price of all work agreed upon between the contractor and owner is more than $500: (ii) Construction, replacement, installation or improvement of driveways, swimming pools, pool houses, porches, garages, roofs, siding, insulation, solar energy.

48.    The following words and phrases when used in this act shall have the meanings given to them in this section unless the context clearly indicates otherwise:; and Defendants demanded and/or accepted deposits in excess of one-third of the home improvement contract price.

49. Section 517.9(10)(i)(A) states that it is a prohibited act to receive a deposit in excess of one-third (1/3) of the home improvement contract price for home improvement contracts in which the total price is more than Five Thousand Dollars ($5,000.00). 73 P.S. § 517.9(10)(i)(A).

50. A violation of HICPA is deemed to be a violation of the Consumer Protection Law. 73 P.S. § 517.10.

51. The aforesaid methods, acts or practices constitute unfair methods of competition and unfair acts or practices in the conduct of trade or commerce prohibited by Section 201-3 of the Consumer Protection Law, as defined by Section 201-2(4) of said Law, including, but not limited to, Section 201-2(4)(xxi), engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. §§ 201-3, and 201-2(4) (xxi).

52. Ms. Dlubak alleges that all of the practices described above were performed willfully and, accordingly, and pursuant to Section 201-8 of the Consumer Protection Law, seeks the imposition of civil penalties of Three Thousand and 00/100 Dollars ($3,000.00) for each violation involving consumer victims age sixty (60) or older, in addition to other relief sought, as appropriate.

53. Ms. Dlubak also seeks attorneys fees and costs, as well as, interest and treble damages.

54. Under 73 P.S. §§ §201-9.2. Private actions (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one-hundred dollars ($100), whichever is greater.

55. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

11

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

**COUNT III**
**VIOLATIONS OF THE CONSUMER PROTECTION LAW AND HICPA DEFENDANT**
**FAILED TO MAINTAIN REGISTRATION AS A HOME IMPROVEMENT CONTRACTOR**

56.     The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

57.     Under Section 517.3(a) of HICPA, which became effective on July 1, 2009, "[n]o person shall hold himself out as a contractor, nor shall a person perform any home improvement without first registering with the [B]ureau." 73 P.S. § 517.3(a).

58.     Furthermore, Section 517.9(1) of HICPA lists "prohibited acts" and states "[n]o person shall fail to register as required by this act." 73 P.S. § 517.9(1).

59.     A contractor is defined in Section 517.2 of HICPA as "[a]ny person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement." 73 P.S. § 517.2.

60.     The total cash value of all of Cuddy's home improvements was greater than Five Hundred Dollars ($500.00) in this matter.

61.     Cuddy is a contractor as defined by Section 517.2 of HICPA.

62.     Under the same section of HICPA, a home improvement includes, but is not limited to, repairs, replacements, remodeling, removals, renovations, installations, alterations or improvements, done in connection with land or a portion of land adjacent to a private residence for which the total cash

12

price of all work agreed upon between the contractor and the owner is more than Five Thousand Dollars

($5,000.00). 73 P.S. § 517.2.

63.     At certain time periods, Cuddy held himself out as home improvement contractor and

performed home improvements without being registered with the Bureau in violation of Sections

517.3(a) and 517.9(1) of HICPA.

64.     A violation of HICPA is deemed to be a violation of the Consumer Protection Law.  73

P.S. § 517.10.

65.     The aforesaid methods, acts or practices constitute unfair methods of competition and

unfair acts or practices in the conduct of trade or commerce prohibited by Section 201-3 of the Consumer

Protection Law, as defined by Section 201-2(4) of said Law, including, but not limited to, the following:

    a.     Section 201-2(4)(xxi), engaging in any other fraudulent or deceptive conduct which
        creates a likelihood of confusion or of misunderstanding. 73 P.S. §§ 201-3, and 201-2(4)
        (xxi).

66.     Ms. Dlubak alleges that all of the practices described above were performed willfully.

Accordingly, and pursuant to Section 201-8 of the Consumer Protection Law, Ms. Dlubak seeks the

imposition of civil penalties of Three Thousand and 00/100 Dollars ($3,000.00) for each violation

involving consumer victims age sixty (60) or older, in addition to other relief sought, as appropriate.

67.     Ms. Dlubak also seeks attorneys fees and costs, as well as, interest and treble damages.

68.     Under 73 P.S. §§ §201-9.2. Private actions (a) Any person who purchases or leases goods

or services primarily for personal, family or household purposes and thereby suffers any ascertainable

loss of money or property, real or person, as a result of the use or employment by any person of a method,

act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual

damages or one-hundred dollars ($100), whichever is greater.

69.     The court may, in its discretion, award up to three times the actual damages sustained,

but not less than one hundred dollars ($100), and may provide such additional relief as it deems

13

necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

 WHEREFORE, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

**COUNT IV**
**VIOLATIONS OF THE CONSUMER PROTECTION LAW AND HICPA DEFENDANT'S**
**CONTRACTS FAILED TO COMPLY WITH THE REQUIREMENT OF SECTION 517.7 OF**
**HICPA AND SECTION 201-7 OF THE CONSUMER PROTECTION LAW**

 70.  The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

 71.  Under Section 517.7 of HICPA, contracts are not valid or enforceable against consumers unless the home improvement contractor has included specific provisions pertaining to the work to be performed.

 72.  A contract is invalid and unenforceable unless, among other things:

a. it contains the home improvement contractor registration number of the performing contractor, as required by Section 517.7(a)(l) of HICPA;

b. it contains the entire agreement between the owner and the contractor, including attached copies of all required notices, as required by Section 517.7(a)(3) of HICPA;

c. it contains the address of the contractor, as required by Section 517.7(a)(5) of HICPA, which states that "a post office box number alone shall not be considered an address";

d. it contains the approximate starting date and completion date, as required by Section 517.7(a)(6) of HICPA;

e. it includes a description of the materials to be used and a set of specifications that cannot be changed without a written change order signed by the owner and the contractor, as required by Section 517.7(a)(7) of HICPA;

f. it includes the contractor's agreement to maintain insurance coverage and the identification of the current amount of insurance coverage maintained at the time of signing the contract, as required by Section 517.7(a)(ll) of HICPA;

g.      it includes the toll-free telephone number for the Bureau of Consumer Protection, as required by Section 517.7(a)(12) of HICPA; and

h.      it includes the notice of right of rescission, as required by Section 517.7(a)(13) and (b) of HICPA.  73 P.S. §§ 517.7(a)(l), (3), (5), (6), (7) (11), (12) and (13) and§ 517.7(b).

73.     When contracting with consumers to perform home improvements, Cuddy failed to utilize contracts which complied with the requirements of Section 517.7 of HICPA. A true and correct copy of the contract is attached hereto and marked as Exhibit 1.

74.     Under Section 201-7 of the Consumer Protection Law, "[w]here goods or services having a sale price of Twenty-Five Dollars ($25.00) or more are sold or contracted to be sold to a buyer, as a result of, or in connection with, a contact with or call on the buyer or resident at his residence... the buyer shall be provided with..."

a.      the required language regarding the right to rescind the contract, as required by Section 201-7(b)(l) of the Consumer Protection Law; and

b.      "[a] completed form in duplicate, captioned 'Notice of Cancellation,' which shall be attached to the contract... ", as required by Section 201-7(b)(2) of the Consumer Protection Law.  73 P.S. § 201-7(b)(l) and (2).

75.     Cuddy entered into a contract with Ms. Dlubak with a sale price of Twenty-Five Dollars ($25.00) or more. This contract was to perform home improvement services, as defined by Section 517.2 of HICPA, after July 1, 2009. See Exhibit 1.

76.     Cuddy's contract failed to include all required notices, including but not limited to the notice to inform the consumer of his or her right to rescind the contract, as required by Section 201-7(b)(l) of the Consumer Protection Law. See Exhibit 1.

77.     Cuddy's contract failed to include all required notices, including but not limited to the Notice of Cancellation form, as required by Section 201-7(b)(2) of the Consumer Protection Law. See Exhibit 1.

15

78.     Cuddy's contract failed to include their home improvement contractor registration number. See Exhibit 1.

79.     Cuddy's contract failed to include an approximate starting and completion date. See Exhibit 1.

80.     Cuddy's contract failed to include the materials to be used and a set of specifications that cannot be changed without a written change order signed by the owner and the contractor. See Exhibit 1.

81.     Cuddy's contract failed to include the agreement to maintain insurance coverage and the identification of insurance. See Exhibit 1.

82.     Cuddy's contract failed to include the toll-free telephone number for the Bureau of Consumer Protection. See Exhibit 1.

83.     A violation of HICPA is deemed to be a violation of the Consumer Protection Law.  73 P.S. § 517.10.

84.     The aforesaid acts and practices constitute unfair and deceptive acts or practices prohibited by Section 201-3 of the Consumer Protection Law, as defined by Section 201-2(4) of said Law, including, but not limited to, the following:

   a.    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services, in violation of 73 P.S. § 201-2(4)(ii); and

   b.    Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding, in violation of 73 P.S. § 201-2(4)(xxi).  73 P.S. § 201-2(4)(ii) and (xxi).

85.     Ms. Dlubak alleges that all of the practices described above were performed willfully and, accordingly, and pursuant to Section 201-8 of the Consumer Protection Law, Ms. Dlubak seeks the imposition of civil penalties of Three Thousand Dollars ($3,000.00) for each violation involving consumer victims age sixty (60) or older, in addition to other relief sought, as appropriate.

16

86.    Ms. Dlubak also seeks attorneys fees and costs, as well as, interest and treble damages.

87.    Under 73 P.S. §§ §201-9.2. Private actions (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or person, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one-hundred dollars ($100), whichever is greater.

88.    The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

**COUNT V**
**BREACH OF CONTRACT**

89.    The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

90.    Ms. Dlubak,  entered into an (non-compliant HICPA) agreement with Cuddy for the proper installation of a metal roof on her residence located at 152 Baker Road, Freeport, Armstrong County, Pennsylvania 16229 in exchange for $27,250.00.  See Exhibit 1.

91.    Cuddy failed to properly install the metal roof on Ms. Dlubak's residence and failed to remedy the improper installation upon request.

92.    As a result of the improper installation of the metal roof, Cuddy caused severe damage to the residence.

17

93.    Ms. Dlubak advised Cuddy of the inadequacies in the installation of the metal roof on her residence numerous occasions, including but not limited to:

a.    The roof was installed without proper ventilation throughout the entirety of the property causing chronic elevated humidity levels in the attic;

b.    The lack of ventilation caused mold and structural damage which will require removal of extensive mold and re-framing of the entire structure;

c.    Roof underlayment was wrapped over the ridge of the main attic of the home;

d.    Installation defects in the metal roof include: over driven screw fasteners resulting in failed rubber gaskets, skewed fasteners, improper fastening of the lapped metal panels where fasteners were located on each side of the lapped rib, latent flashing deficiencies in the south slope roof penetration of the pool room; and

e.    Openings in the ceilings were not sealed off causing moisture laden air to enter the attic

f.    The snow guards on the roof were not installed properly resulting in seepage of water into the structure..

94.    Cuddy knew, known or should have known that his failure to properly install the metal roof on Ms. Dlubak's residence was a breach of the non-compliant HICPA agreement for the proper installation of the metal roof.

95.    On several occasions, Ms. Dlubak complained to Cuddy and Cuddy attempted to repair the metal roof to no avail.

96.    Ms. Dlubak demanded to be compensated for the damage caused and have the roof repaired but to date has not been compensated or made whole.

97.    As a result of Cuddy's shoddy metal roof installation and failure to repair the metal roof in a proper workmanlike manner, Ms. Dlubak suffered injuries and damages.

98.    Specifically, Ms. Dlubak hired an independent HICPA compliant roofing contractor to assess the damages caused by Cuddy in his improper installation of the metal roof.

18

99.    The cost of repair of the roof and structure is approximately $170,000.00 as a result of Cuddy's improper installation and his failure to remedy the improper work.  See attached Estimate of Repair marked as Exhibit 2, which is made part hereof and incorporated herein by reference as though the same was fully set forth herein at length.

100.    Despite Cuddy's knowledge that the metal roof in question was defective, Cuddy failed to take proper corrective action.

101.    As a direct and proximate result of the aforesaid, Ms. Dlubak has suffered and continues to suffer damages as enumerated above.

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

### COUNT VI
### BREACH OF EXPRESS WARRANTY OF MERCHANTABILITY AND/OR IMPLIED WARRANTIES OF FITNESS FOR AN ORDINARY OR PARTICULAR PURPOSE

102.    The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

103.    In light of the acts and/or omissions described herein, Cuddy did not provide Ms. Dlubak a properly installed metal roof as she paid for.

104.    The metal roof was not of merchantable quality or fit for its ordinary or intended purposes; thus breaching express and implied warranties inherent in Cuddy's undertaking.

105.    Moreover, in light of the acts and/or omissions described herein, Cuddy breached expressed and/or implied warranties in the contract applicable to his work at the subject property; including the implied warranty to provide services of a workmanlike quality.

106.    Ms. Dlubak used the property in a foreseeable and ordinary manner as in i.e.: personal, family or household use, of which Cuddy was or should have been aware, and for which Cuddy expertise

19

was relied upon; yet, Ms. Dlubak sustained damages as described herein due to the breaches and failures described herein.

107.    As a direct and proximate result of said breaches by Cuddy, Ms. Dlubak sustained significant financial and other damages and is/was unable to use the roof and her property due to the actions of Cuddy.

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

## COUNT VII
### UNJUST ENRICHMENT (IN THE ALTERNATIVE)

108.    The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

109.    In the alternative and in the event it is found that no valid, written or express agreement exists, Ms. Dlubak pleads a cause of action for unjust enrichment by virtue of conferring the benefit of payment of $27,250.00 upon Cuddy in exchange for an improperly installed metal roof.

110.    Cuddy appreciated this benefit of payment from Ms. Dlubak.

111.    Cuddy's acceptance and retention of the benefit of payment from Ms. Dlubak under these circumstances would be inequitable without payment of value.

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit, together with treble damages, attorney fees, interest and costs.

## COUNT VIII
### TRESPASS-INTERFERENCE WITH QUIET USE AND ENJOYMENT OF PROPERTY

112.    The averments and allegations of the within paragraphs are incorporated as though the same were fully set forth herein.

113.    Cuddy owed a duty to Ms. Dlubak to conduct itself in a manner that would not interfere with Ms. Dlubak's use and enjoyment of her home.

114.    Cuddy's conduct constituted an invasion of Ms. Dlubak's interest in the private use and enjoyment of her property in that Ms. Dlubak is unable to comfortably use, live in, or rent the property currently and will be unable to do so until proper repairs have been made.

115.    Cuddy's conduct under the circumstances was a breach of the duty it owed to Ms. Dlubak and was the direct cause of the interference with Ms. Dlubak's quiet use and enjoyment of her property.

116.    Cuddy undertook the obligation of properly installing a metal roof on Ms. Dlubak's property and therefore it is assumed that the same would have been performed with ordinary skill and care of a roofer and, therefore, Cuddy is liable to Ms. Dlubak.

117.    As a result of Cuddy's conduct, Ms. Dlubak suffered significant harm, injury and damage including:

a.)    Loss of quiet use and enjoyment of her property;

b.)    Financial losses (increased bills, repairs, destruction of property);

c.)    Ms. Dlubak may incur additional living expenses during the demolition and repairs;

d.)    Severe inconvenience and discomfort.

**WHEREFORE**, Plaintiff, Ms. Dlubak, demands judgment is entered against Cuddy in the amount in excess of the jurisdictional arbitration limit together with attorney fees, interest and costs of suit.

**LJK LAW, PLLC:**

21

*s* Louis J. Kroeck, IV
Louis J. Kroeck, IV, Esquire
PA ID #: 210045

## **VERFICATION**

I, Ave Maria Dlubak, hereby verify that the statements set forth in the foregoing instrument are true and correct to the best of my knowledge, information and belief.  I understand that false statements made herein are subject to the penalties provided for under 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

Dated:  August 22, 2022

Ave Maria Dlubak

23



# Cuddy's Construction

CONTRACTORS

1245 Lenape Avenue
Ford City, PA 16226
cell: (724) 859-2116 — TEXT
home: (724) 763-8826

## *Invoice*

PROPOSAL SUBMITTED TO   Ave. Olubak

ADDRESS

DATE  5/23/19

PHONE  724-295-2948

DATE OF PLANS  724-448-5540

JOB NAME AND LOCATION

JOB PHONE

We hereby submit specifications and estimates, subject to all terms and conditions as set forth on both sides, as follows:

Install metal Roof (textured burnish Slate)
Install underlayments / metal / Corners / caps / drip edge, Valley trim

ck to metal shop   14,175.00   Pd ✓
ck to steel   8075.00   Pd ✓
upon Completion   6000.00   Pd ✓

*We Propose* hereby to furnish material and labor - complete in accordance with the above specifications,

for the sum of: _____ dollars ($ 27,250.00)

Authorized Signature _____ W. Cuddy

*Accepted*: The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above. Any changes will be charged accordingly.

Signature _____

Signature _____

DATE _____



# Cuddy's Construction

**CONTRACTORS**

1245 Lenape Avenue
Ford City, PA 16226
cell: (724) 859-2116 — TEXT
home: (724) 763-8826

## *Invoice*

| PROPOSAL SUBMITTED TO | | DATE |
|---|---|---|
| Ava Olubak | | 5/23/19 |
| ADDRESS | | PHONE |
| | | 724-295-2948 |
| | | DATE OF PLANS |
| | | 724-448-5540 |
| JOB NAME AND LOCATION | | |
| | | JOB PHONE |

We hereby submit specifications and estimates, subject to all terms and conditions as set forth on both sides, as follows:

Install metal Roof (textured burnish Slate)
Install underlayment / metal / corners / caps / mis Edge / Valley trim

ck to metal Shop      14,175⁰⁰  Pd cc
ck to Stl              8075⁰⁰   Pd cc
upon Completion        6000⁰⁰   Pd cc

*We Propose* hereby to furnish material and labor - complete in accordance with the above specifications,

for the sum of: _____ dollars ($ 27,250⁰⁰)

Authorized Signature _____

*Accepted*: The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above. Any changes will be charged accordingly.

Signature _____

DATE _____   Signature _____



Cuddy  724 - 859 - 2116

Rock        28,260$^{00}$        Total

            14,175$^{00}$        Metal Shop (?) Byler Metal

            8,075               Cuddys Construction

            6000$^{00}$          upon Completion          28,250

C/ off   Cuddy
1245   Lenape Ave
Ford City PA  16226

**PITTSBURGH PREP**

Sunghoon Kim Ed.M. <hoon@pittsburghprep.com>

___

## Your Project Estimates

**ROBERT JERMALOWSKI** <rwjermo@comcast.net>                                      Wed, May 11, 2022 at 7:37 PM
To: Hoon Kim <hoon@pittsburghprep.com>
Cc: "rob@roofingcontractorpittsburgh.com" <rob@roofingcontractorpittsburgh.com>, Derek Hofmann
<hofmannd222@gmail.com>

Hoon,

I did some number crunching on your project & to resolve all of your issues, I have come up with the following brief outline, to start. I am looking to point you in the right direction & make this as cost effect as possible, but there any many factors to take into account.

1. One of your main issues is the lack of correct ventilation that does not exist throughout the entire main house & pool room. You also have a tremendous amount of mold located in the main house & I can also almost guarantee you will have the same amount of issue in the pool room ceiling. In order to correct this, we will need to install intake vent around the entire perimeter of the house & pool room. Getting the right outlet venting will not be a issue in the pool room, but with that main house metal roof in place, its going to take some doing to get the adequate amount of outlet venting in that roof, but is possible. We will install additional power fans to draw all still air out in the pool room, to keep air flow going & eliminate the ongoing issues you have there.

2. The pool room will need the metal roof torn off & reframe the entire structure to a flat level surface, so new metal can be installed over it & this will be done. Once that has been achieved, a new roof can be installed over top of the prepared surface. I am going to go worst case scenario with that reframe, so that we do not get into any issues with unforeseen problems.

3. As part of the entire project, we are looking to remove mold from all by spraying everything with a chemical we use that will destroy it all, safely. We will install baffles so correct air flow can get in. Insulation that may & will be damaged in the pool room will be removed & replaced.

4. The interior finishes of the pool room should be able to be left untouched, but will remain & look the same. The structure build for the roof is only for the exterior. I suggest you leave interior as is.

5. To completely do as outlined, I am saying that for all labor & material involved, you are going to be in the the $ 160,000.00 - $ 170,000.00 to get this all completed & correct, so that you have no issues to speak of moving forward. If we can agree on something moving forward, we will write up a detailed specification of exactly what is going to be done.

I am happy to answer any additional questions that you might have & discuss this further at any time convenient to you.


Thank You,

Robert Jermalowski
Owner

Doing It Right Roofing Siding Remodeling, LLC
An Owens Corning Platinum Contractor

www.roofingcontractorpittsburgh.com

777 Little Deer Creek Valley Road
Russellton, Pa. 15076
Office (724) 351 0499
Fax (724) 768 7028
Cell (724) 889 6382

[Quoted text hidden]



